# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

SATA GmbH & Co. KG, a German company, )
)
                Plaintiff, )    Case No.: 2:15-cv-02111-GMN-CWH
     vs. )
)     **ORDER**
ZHEJIANG REFINE WUFU AIR TOOLS )
CO., LTD., AND PRONA TOOLS, INC., )
ROES I-X, inclusive, )
)
                Defendants. )

      Pending before the Court are the *ex parte* Motion for Temporary Restraining Order (ECF No. 2) and *ex parte* Motion for Preliminary Injunction (ECF No. 3) filed by Plaintiff SATA GmbH & Co. KG ("Plaintiff") on November 4, 2015. Plaintiff has alleged that Defendants Zhejiang Refine Wufu Air Tools Co., Ltd. ("Wufu") and Prona Tools, Inc. ("Prona") (collectively, "Defendants") have, *inter alia*, committed trademark counterfeiting, trademark infringement, and design patent infringement through Defendants' use of Plaintiff's trademarks and design patents on Defendants' products. (Complaint, ECF No. 1).

      In order to succeed on its motion, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 22.

      In the Ninth Circuit, "actual irreparable harm must be demonstrated to obtain a permanent injunction in a trademark infringement action." *Herb Reed Enters., LLC v. Florida Entm't Mgmt., Inc.*, 736 F.3d 1239, 1249 (9th Cir. 2013). Accordingly, while "loss of control

over business reputation and damage to goodwill could constitute irreparable harm," a court's finding of such harm cannot be "grounded in platitudes rather than evidence." *Id.* at 1250.

In *Herb Reed,* evidence of harm from the alleged infringement was "an email from a potential customer complaining to [defendant's] booking agent that the customer wanted Herb Reed's" services, instead of a competitor's. *Id.*  The panel found this evidence merely "underscored customer confusion, not irreparable harm," and noted that "[g]one are the days when '[o]nce the plaintiff in an infringement action has established a likelihood of confusion, it is ordinarily presumed that the plaintiff will suffer irreparable harm if injunctive relief does not issue.'" *Id.* (quoting *Rodeo Collection, Ltd. v. W. Seventh*, 812 F.2d 1215, 1220 (9th Cir. 1987)).  Instead, the panel explained, "[t]hose seeking injunctive relief" must do more than just state or argue they will suffer irreparable harm, they "must proffer evidence sufficient to establish a likelihood of irreparable harm." *Id.* at 1251.

Here, Plaintiff has failed to present any evidence with their motions showing irreparable harm.  Instead Plaintiff merely argues that Plaintiff "will be deprived of evidence needed to establish the nature and extent of its injuries, including long-term loss of market share and concomitant erosion of exclusive patent and trademark rights." (Mot. for TRO 16:11–13, ECF No. 2).  Moreover, Plaintiff argues that "[i]f Defendants' goods are of poor quality … this will reflect adversely upon SATA's business good will and reputation." (*Id.* 17:2–5).  Finally, Plaintiff asserts that, "because Defendants are foreign companies with no regular U.S. presence …, any monetary judgment would most likely be uncollectible." (*Id.* 17:11–12).  "[S]peculation on future harm, [however,] does not meet the standard of showing 'likely' irreparable harm." *Herb Reed Enters.*, 736 F.3d at 1250.  Currently, there is no evidentiary showing before the Court that Plaintiff is likely to be harmed in the way it alleges in its motions.  The Court cannot grant these motions without such a showing.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Temporary Restraining Order (ECF No. 2) and Motion for Preliminary Injunction (ECF No. 3) are **DENIED without prejudice**.

**DATED** this  5th  day of November, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge