DICKINSON WRIGHT PLLC
STEVEN A. CALOIARO
Nevada Bar No. 12344
Caloiaro@dickinsonwright.com
100 West Liberty Street
Suite 940
Reno, Nevada 89501
Tel: (775) 343-7500
Fax: (844) 670-6009

*Attorney for Plaintiff:*
*SATA GmbH & Co. KG,*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SATA GmbH & Co. KG, a German corporation,<br><br>*Plaintiff,*<br><br>vs.<br><br>Zhejiang Refine Wufu Air Tools Co., Ltd. et al.<br><br>*Defendants.* | Case No. 2:15-cv-02111-GMN-CWH<br><br>**STIPULATION AND ORDER REGARDING PERMANENT INJUNCTION AND DISMISSAL WITH PREJUDICE** |

Plaintiff SATA GmbH & Co. KG. ("SATA"), and Defendant Prona Tools, Inc., ("PRONA") (collectively, "Parties" or individually, "Party"), hereby stipulate to the entry of a permanent injunction against PRONA and pursuant to Rule 41 of the Federal Rules of Civil Procedure to the dismissal with prejudice of all claims and counterclaims in the above captioned civil action (the "Civil Action").

**STIPULATED PERMANENT INJUNCTION AND DISMISSAL**

1.  The parties hereby stipulate and agree that this Court has jurisdiction over the parties and the subject matter in this case.

2.  The parties hereby stipulate and agree that venue is proper in this judicial district.

3.  The parties hereby stipulate and agree that SATA owns and has standing to sue for infringement of SATA's United States Trademark Registrations (SATA Marks) and SATA's United States Design Patents (SATA Design Patents), all of which are valid and enforceable.

The SATA Marks and Design Patents are attached as Exhibit A to the Settlement Agreement, and incorporated herein by reference.

    4.    The parties hereby stipulate and agree that, as of the date of this Court's Order, PRONA and its officers, agents, servants, employees, attorneys, and all other persons who are in active concert or participation, who receive actual notice of this order shall be permanently enjoined and restrained from:

    a.  Manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting, or displaying any paint spray guns and paint spray gun accessories, in the United States that infringe on the SATA Design Patents.

    b.  Using any reproduction, counterfeit, copy, or colorable imitation of any of the SATA's Marks, in commerce, in the United States, including, without limitation: (i) by selling, offering for sale, distributing, promoting, or advertising any good or service in connection with any such reproduction, counterfeit, copy, or colorable imitation of the SATA Marks, including any of the accused products identified as RC-6R, RC-6M, R301 G, R403 G, RL-403 G, R-1000G and R-3000; or (ii) by displaying any such reproduction, counterfeit, copy, or colorable imitation of the SATA Marks.

    c.  using any false designation of origin or false or misleading description or false or misleading representation that can or is likely to lead the trade or public erroneously to believe that any paint spray guns and paint spray gun accessories has been manufactured, assembled, produced, distributed, offered for distribution or circulation, sold, offered for sale, imported, advertised, promoted, displayed, licensed, sponsored, approved, or authorized by or for SATA, when such is not true in fact.

    5.    Parties hereby agree and stipulate that this Court SHALL RETAIN JURISDICTION of this action to the extent necessary to ensure full compliance with all obligations imposed by the Permanent Injunction Order, including the enforcement of the

Stipulated Permanent Injunction by way of contempt or otherwise. The obligations of the parties, as set forth in the stipulated Permanent Injunction, SHALL BE ENFORCED, if necessary, exclusively by this Court.

6. Parties hereby agree and stipulate that PRONA has waived any appeal of the Stipulated Permanent Injunction.

7. Parties hereby agree and stipulate that all claims filed in this action SHALL BE Dismissed from the action with Prejudice pursuant to FRCP 41(a)(1)(A)(ii), with each Party bearing its own costs and attorneys' fees.

**IT IS SO STIPULATED:**

| | |
|---|---|
| Dated: July 6, 2017 | Dated: June 6, 2017 |
| DICKINSON WRIGHT PLLC | ZUBER, LAWLER & DEL DUCA LLP |
| By: *Steven A. Caloiaro* <br> Steven A. Caloiaro <br> Nevada Bar No. 12344 <br> 100 West Liberty Street <br> Suite 940 <br> Reno, Nevada 89501 <br> Tele.: (775) 343-7500 | By: *Alan C. Chen* <br> Alan C. Chen <br> California Bar No. 224420 <br> *Admitted Pro Hac Vice* <br> 777 South Figueroa Street, 37th Fl. <br> Los Angeles, CA 90017 <br> Tele.: 213-596-5620 |
| *Attorneys for Plaintiff,* <br> *SATA GmbH & Co. KG* | *Counsel for Defendant,* <br> *Prona Tools, Inc.* |

This case having come before this Court, and being represented to the Court that SATA GmbH & Co. KG. ("SATA"), and Defendant Prona Tools, Inc., ("PRONA"), have compromised and settled the matters in the dispute, IT IS HEREBY ORDERED, ADJUDICATED, and DECREED as follows:

**PERMANENT INJUNCTION ORDER**

Having considered the Stipulation of the Parties, and for good cause shown, ITS IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the parties and the subject matter in this case.
2. Venue is proper in this judicial district.
3. SATA owns and has standing to sue for infringement of SATA's United States Trademark Registrations (SATA Marks) and SATA's United States Design Patents (SATA Design Patents), all of which are valid and enforceable.
4. Pursuant to 35 U.S.C. § 283, as of the date of this Court's Order, PRONA and its officers, agents, servants, employees, attorneys, and all other persons who are in active concert or participation, who receive actual notice of this order shall be permanently enjoined and restrained from:

   a. Manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting, or displaying any paint spray guns and paint spray gun accessories, in the United States that infringe on the SATA Design Patents.

   b. Using any reproduction, counterfeit, copy, or colorable imitation of any of the SATA's Marks, in commerce, in the United States, including, without limitation: (i) by selling, offering for sale, distributing, promoting, or advertising any good or service in connection with any such reproduction, counterfeit, copy, or colorable imitation of the SATA Marks, including any of the accused products identified as RC-6R, RC-6M, R301 G, R403 G, RL-403 G, R-1000G and R-3000; or (ii) by displaying any such reproduction, counterfeit, copy, or colorable imitation of the SATA Marks.

  c. Using any false designation of origin or false or misleading description or false or misleading representation that can or is likely to lead the trade or public erroneously to believe that any paint spray guns and paint spray gun accessories has been manufactured, assembled, produced, distributed, offered for distribution or circulation, sold, offered for sale, imported, advertised, promoted, displayed, licensed, sponsored, approved, or authorized by or for SATA, when such is not true in fact.

5. This Court SHALL RETAIN JURISDICTION of this action to the extent necessary to ensure full compliance with all obligations imposed by the Permanent Injunction Order, including the enforcement of the Stipulated Permanent Injunction by way of contempt or otherwise. The obligations of the parties, as set forth in the stipulated Permanent Injunction, SHALL BE ENFORCED, if necessary, exclusively by this Court.

6. PRONA has waived any appeal of the Stipulated Permanent Injunction.

7. This is a Final Judgement. Subject to this Court's limited retention of jurisdiction as set forth above, all claims filed in this action SHALL BE DISMISSED from the action with Prejudice pursuant to FRCP 41(a)(1)(A)(ii).

8. Each Party shall bear their own costs and attorneys' fees.

9. The Clerk of the Court shall deny any pending motions as moot and close this case.

10. Having addressed each of the claims in this action, this case SHALL BE CLOSED.

**IT IS SO ORDERED:**

_____
UNITED STATES DISTRICT COURT JUDGE

DATED this 10 day of July, 2017.

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participated as identified on the Notice of Electronic Filings (NEF) and paper copies will be sent to those indicated as non-registered participants.

July 6, 2017                                                                 Respectfully submitted,


/s/ Steven A. Caloiaro
Steven A. Caloiaro

RENO 75521-70006 17355v1